UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FAIR HOUSING JUSTICE CENTER,

                              Plaintiff,

-against-

CHESS BUILDERS LLC; 2337 BEDFORD
LLC; OTTS OCEAN LLC; DEEGAN 135
REALTY LLC; S. WIEDER ARCHITECT
P.C.; FISCHER+MAKOOI ARCHITECTS
PLLC; TOE FRONT REALTY LLC; and
DURUKAN DESIGN INC.,

                              Defendants.

No. 23-cv-10965

STIPULATION AND
AMENDED
PROTECTIVE ORDER

WHEREAS, the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that they may need to disclose in connection with discovery in this case; and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Stipulation and Protective Order ("Protective Order")—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.      Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (i.e., information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.      The person producing any given Discovery Material or that person's counsel may designate such material as Confidential, in whole or in part, only if counsel determines reasonably and in good faith that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive and non-public financial or business information; that is of a personal or intimate nature regarding any individual; or that is subject to a contractual or other duty of confidentiality owed by the client to a third party; including communications and documents concerning FHJC testing investigative methods, such as test

1

inventory sheets, tester assignment forms, materials provided to testers as part of their test assignments, test report forms, any electronic communications during the test, tester notes, and tester recordings, and any Personally Identifying Information concerning FHJC employees, including testers; or that is Personally Identifying Information concerning Defendants' tenants, applicants for tenancy, or other third parties inquiring about apartments for rent at buildings referenced in the Complaint or buildings owned, leased, or operated by any of the Defendants or their affiliates or subsidiaries.

3.     With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

4.     With respect to deposition transcripts and exhibits, a producing person or that person's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

5.     If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that it previously had produced without limitation should be designated as Confidential, such producing person may so designate such material by so apprising all prior recipients in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as Confidential under the terms of this Protective Order.

6.     No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

      (a)     the Parties to this action, their insurers, and counsel to their insurers;

      (b)     counsel for the Parties, including in-house counsel, and any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

      (c)     outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

      (d)     any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed

as an Exhibit hereto;

(e)    as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

(f)    any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g)    any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h)    stenographers engaged to transcribe depositions conducted in this action; and

(i)    this Court, including any appellate court, and the court reporters and support personnel for the same.

7.    Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court in accordance with the Court's applicable individual rules.

8.    Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court in accordance with the Court's applicable individual rules.

9.    Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action, and specifically (and by way of example and not limitation) may not use Confidential Discovery Material for any business, commercial or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this action.

10.    Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request will (unless prohibited by law from doing so) provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. This notice is intended to enable the producing person to seek to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

11.     All persons seeking to file redacted documents or documents under seal with the Court shall follow all applicable Local Rules and the Court's Individual Rules. The Parties shall use their best efforts to minimize such sealing.

12.     All persons are hereby placed on notice that the Court may not seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

13.     Any Party filing a motion or any other papers with the Court under seal shall also comply with any applicable Local or Individual Rules involving publicly filing a redacted copy of the same, via the Court's Electronic Case Filing ("ECF") system, which may involve redacting only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

14.     Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

15.     Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he or it immediately shall notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

16.     This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, depositions transcripts, and deposition and trial exhibits. This Protective Order shall not be interpreted in a manner that would violate any applicable rules of professional conduct. Nothing in this Protective Order shall prohibit or interfere with the ability of counsel for any Recipient, or of any experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any Party or non-party or their affiliate(s) in connection with any other matter.

17.     All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

18.     This Amended Protective Order shall supersede the Protective Order previously entered into by the parties and so ordered by the Court on September 11, 2024.

SO STIPULATED AND AGREED.

By: _____/s/_____

Emery Celli Brinckerhoff Abady
Ward & Maazel LLP
Diane L. Houk
Laura S. Kokotailo
1 Rockefeller Plaza, 8th Floor
New York, New York 10020
dhouk@ecbawm.com
lkokotailo@ecbawm.com
*Attorneys for Plaintiff*

Dated: May 12, 2025

By: _____/s/_____

Rosenberg & Estis, P.C.
Cori A. Rosen
733 Third Avenue,
New York, New York 10017
crosen@rosenbergestis.com
*Attorneys for Defendants Chess Builders LLC,
2337 Bedford LLC, Otts Ocean LLC, Deegan
135 Realty LLC, and Toe Front Realty LLC*

Dated: May 9, 2025

By: _____/s/_____

Marshall Dennehey, P.C.
Martin A. Schwartzberg
175 Pinelawn Road, Suite 250
Melville, New York 11747
MASchwartzberg@MDWCB.com
*Attorneys for Defendant S. Weider Architect
P.C.*

Dated: May 7, 2025

By: _____/s/_____

Milber Makris Plousadis & Seiden, LLP
Jeffrey J. Fox
100 Manhattanville Road, Suite 4E20
Purchase, New York 10577
jfox@milbermakris.com

*Attorneys for Defendant Fischer + Makooi
Architects PLLC*

Dated: May 7, 2025

By: _____/s/_____

Saltz Nalibotsky
Albert M. Saltz
101 Lindenwood Dr, Suite 225
Malvern, PA 19355
asaltz@s-nlaw.com

*Attorneys for Defendant Durukan Design Inc.*

Dated: May 7, 2025

**SO ORDERED**

Dated:    May 15, 2025

Hon. Gary Stein,
United States Magistrate
Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FAIR HOUSING JUSTICE CENTER,

                        Plaintiff,

  -against-

CHESS BUILDERS LLC; 2337 BEDFORD
LLC; OTTS OCEAN LLC; DEEGAN 135
REALTY LLC; S. WIEDER ARCHITECT
P.C.; FISCHER+MAKOOI ARCHITECTS
PLLC; TOE FRONT REALTY LLC; and
DURUKAN DESIGN INC.,

                        Defendants.

No. 23-cv-10965

NON-DISCLOSURE
AGREEMENT

       I,_____, acknowledge that I have read and understand the Stipulation and Protective Order (the "Protective Order") in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to any other person; that I will not use such Confidential Discovery Material other than for purposes of this litigation; and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or, upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____